■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ALVIN R. MARX, Appellant.— Judgment unanimously reversed on the law and facts and case remitted to the Yates County Court for further proceedings in accordance with memorandum. Memorandum: The defendant was indicted on four counts: two counts of grand larceny in the first degree, one count of grand larceny in the second degree and one count of forgery in the second degree. Upon the recommendation of the District Attorney and by permission of the County Court, the defendant was allowed to plead guilty to a charge of petit larceny under the third count of the indictment and to a charge of issuing a fraudulent check in violation of section 1292-a of the Penal Law under the fourth count. The court thereupon sentenced the defendant to one year in the county penitentiary and imposed a fine of $500 one each of the two counts, the sentences to run consecutively and not concurrently. The court suspended execution of the sentences and placed the defendant on probation, upon the conditions specified in section 932 of the Code of Criminal Procedure "plus the added condition that he make restitution in the amount of $14,000, to be paid at the rate of $50 per week". The statements by the District Attorney at the time of sentence indicated that the defendant was indebted to the complainant

Sheppard in the total amount of $14,000 but that a large part of it represented a business indebtedness which was not criminal in character. It appears that the defendant had borrowed money from the complainant from time to time and that upon some occasions he had obtained the loans by false representations but on other occasions the loans had been obtained without any criminal conduct on the part of the defendant. The judgment was improper in two respects. The misdemeanor of issuing a check without funds in violation of section 1292-a of the Penal Law is not a crime included within the crime of forgery and therefore the defendant's plea of guilty to the violation of section 1292-a could not properly be accepted under an indictment charging forgery. Furthermore, restitution can be required as a condition of probation under section 932 of the Code of Criminal Procedure only "in an amount not to exceed the actual damage or loss caused by his offense" (see, also, Code Crim. Pro., § 483). Payment of a civil debt cannot be required as a condition of probation. Since the plea of guilty to the violation of section 1292-a of the Penal Law was accepted as part of a single arrangement for disposition of the indictment against the defendant, we have concluded that the judgment must be reversed in its entirety and the case remitted to the County Court for further proceedings. In any new sentence which may be imposed, the amount to be paid by way of restitution should be limited in accordance with the statute. We also direct the County Court's attention to the fact that, if the suspension of the sentence is to be meaningful, the conditions of the defendant's probation must be such as are within the defendant's capacity to meet, in the light of his financial position and average earnings. (Appeal from judgment of Yates County Court convicting defendant of violating Penal Law, §§ 1298, 1292-a — petit larceny and issuing a fraudulent check.) Present — Williams, P. J., Bastow, Goldman, Halpern and McClusky, JJ.